# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | CASE NO. 2:22-cr-9 |
| v. | : | JUDGE MORRISON |
| MARCELL L. ROBERTS, | : | |
| DEFENDANT. | : | |

### DEFENDANT'S SENTENCING MEMORANDUM
### AND MOTION FOR DOWNWARD DEPARTURE

Defendant, Marcell Roberts, is currently scheduled for sentencing on May 11, 2022. The Presentence Investigation Report has determined that the Defendant has a final Offense Level of 19 with a Criminal History Category of IV which results in a sentencing range of 46 to 57 months.

After the Court makes a finding as to the applicable advisory guideline range, the Court is to consider the factors listed in 18 U.S.C. §3553(a) before imposing a sentence. Specifically applicable to this Defendant are the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of defendant;
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

In the instant case, the Defendant believes that a downward departure from the applicable advisory guideline range is appropriate, and a sentence below this range is sufficient to comply with the purposes set for in 18 U.S.C. §3553(a)(2).

Specifically, the Defendant urges this Court to depart horizontally to Criminal History Category III.

### I. Departure Based on Inadequacy of Criminal History Category

Based on the USPO's calculations, Defendant has eight criminal history points, which puts him in Criminal History Category IV. Though technically accurate under the guidelines, he would ask this Court to consider both his age at the time of certain offenses as well as how long ago the occurred.

Three of his eight criminal history points came for an incident that occurred when Defendant was under eighteen years old. He committed a robbery on August 12, 2010, when he was only sixteen years old. That incident accounted for three criminal history points pursuant to U.S.S.G. §4A1.1(a). Furthermore, the case occurred over ten years before the conduct in the instant offense.

U.S.S.G.§4A1.3(b)(1) states that a downward departure may be warranted if the criminal history category substantially over-represents the seriousness of a defendant's criminal history. Application Note 3 to that same section states that a downward departure may be warranted if defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. While Defendant concedes that is not exactly the case here, he believes that a departure is still warranted. He is not asking the Court to simply pretend that the prior offense never occurred, he just posits that, because his only three-point offense occurred when he was just sixteen years old, that perhaps it

led to an inadequately high score, and that one-point might more adequately reflect his likelihood to re-offend.

Thus the Defendant would submit that a horizontal departure to Criminal History Category III is appropriate. While he realizes that the USPO properly calculated the three-points, he would simply ask the Court to make the policy determination that bumping him up to Category IV for an act he committed when he was sixteen years of age is not appropriate.

II.      18 U.S.C. §3553(a) Factors

In the instant offense, Defendant admittedly had a small amount of crack cocaine in his possession and was driving without a valid license. When officers saw and attempted to stop him, he fled, throwing a loaded gun into the bushes outside of a Wendy's restaurant. He has accepted responsibility for his actions and is expected to receive the benefit of a three-level reduction for his acceptance. He additionally received a two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury to another person for throwing the firearm, which he understands and accepts. Although he did have a gun and drugs, it was not his intent to cause harm to anyone – the gun was for his own protection, as he has been the victim of multiple shootings in his life.

A below-guidelines sentence would be appropriate here and would not demean the seriousness of the offense. Again, Defendant was forthcoming about his actions, and throughout the process, including the presentence investigation report interview, demonstrated a genuine desire to change. He has a history of employment, and he has indicated that he is interested in furthering his education in order to be able to better support his family and move forward with a meaningful life. As outlined in his PSR, he grew up in an abusive family until his mother was able to get away from his father. His father has spent his entire life in and out of prison and

dealing with mental issues (he is currently in a psychiatric hospital after being found incompetent to stand trial for a felonious assault and aggravated burglary), and so Defendant has seen what his future might be if he does not make a significant change.

Lastly, while not necessarily a consideration for this Court, had the State picked up the charge of having a weapon under disability, the equivalent charge under the Ohio Revised Code, his maximum sentence would be thirty-six-month imprisonment. A four-level vertical departure would thus represent an appropriate range for the instant conduct.

## **Conclusion**

For the foregoing reasons, the Defendant submits that a horizontal departure to Criminal History Category III and a vertical departure to Offense Level 15 is appropriate, and that he should be sentenced to a term of imprisonment of 30 to 37 months imprisonment. This does not remove the Defendant from Zone D of the sentencing table, and it more adequately reflects the seriousness and recidivism factors of his offense than the guideline range of 46 to 57 months imprisonment.

Based upon the facts and circumstances of the case and in consideration of the applicable 18 U.S.C. §3553(a) factors, the Defendant submits that a sentence of twenty-one (21) months would be reasonable under the rationale of United States v. Booker, 543 U.S. 220 (2005); U.S. v. Cage, 458 F.3d 537, 541 (6th Cir. 2006); United States v. Williams, 436 F.3d 706 (6th Cir. 2006).

                                          Respectfully submitted,

                                          s/ Stephen T. Wolfe
                                          Stephen T. Wolfe (0083894)
                                          Attorney for Defendant
                                          Wolfe Law Group, LLC
                                          1350 W. 5th Ave., Suite 330
                                          Columbus, OH 43212

                                      Phone: (614) 725-5440
                                      Fax:    (614) 686-4390
                                      Email: swolfe@wvwlegal.com

## **CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that a true and accurate copy of the foregoing Sentencing Memorandum of Defendant was served upon counsel for the United States, Michael Hunter, via the Court's ECF system on this 4th day of May, 2022.

                                                s/ Stephen T. Wolfe
                                                Stephen T. Wolfe
                                                Attorney for Defendant